IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF OHIO
EASTERN DIVISION

| | | |
|---|---|---|
| JAMES DIXON, | § | CASE NO. 1:12-CV-1213 |
| | § | |
| Plaintiff, | § | CHIEF JUDGE SOLOMON OLIVER, JR. |
| | § | |
| v. | § | MAGISTRATE JUDGE KENNETH |
| | § | S. McHARGH |
| | § | |
| MATTHEW NEUBACHER, *et al.*, | § | |
| | § | |
| Defendants. | § | |

### PLAINTIFF JAMES DIXON'S TRIAL BRIEF

Under the Court's Civil Trial Order of April 24, 2015 [Doc. No. 50], Plaintiff James Dixon submits this trial brief.

### I.   Synopsis of facts.

On October 4, 2011, Dixon was an inmate at the Mansfield Correctional Institution in Mansfield, Ohio. Sometime that evening, he was talking to another inmate whose cell was across the way from his cell. Neubacher and Naus were the officers on duty that night for Dixon's cellblock. They told him to be quiet, but he kept talking.

Neubacher and Naus then marched up to Dixon's cell and told him to "cuff up," which means to backup to the small opening in the cell door and allow himself to be handcuffed from behind his back. Dixon complied, and after he was shackled, Neubacher ordered him out of his cell. Dixon again obeyed. Naus stood with Dixon at the cell door while Neubacher went into the room, ostensibly to search it. Both

officers later admitted the search was entirely pretextual— just an effort to shut Dixon up.

After the search, Neubacher ordered Dixon back into the cell, and again Dixon did as he was told. Neubacher then asked Dixon if he was going to be quiet, and Dixon said no. Enraged at that response, Neubacher lunged at Dixon, grabbed him by the shirt, and punched him in the face. Neubacher then pepper sprayed Dixon, and then slung him face-first into a metal footlocker on the floor. Of course, Dixon was handcuffed with his hands behind his back the whole time, and never once did he try to attack or otherwise provoke Neubacher.

Rather than try to stop the assault, Naus closed the cell door to prevent others from seeing the attack. The time from when Neubacher ordered Dixon back into the cell to the time the attack concluded was three or four minutes. After that, Defendants unreasonably delayed requesting medical care for Dixon.

Following the October 4, 2011, assault, Dixon attempted to obtain video footage of the incident from the four security cameras that were located in his cellblock. But a prison official responsible for viewing the footage, Angela Hunsinger, testified that the view Dixon's cell was blocked by a pole during the entire attack. She did not save the footage, nor did she turn it over to the official responsible for investigating Dixon's use-of-force claim, and the video was later destroyed instead of being turned over to Dixon.

II. **Authorities to be relied upon.**
    A.    42 U.S.C. § 1983.
    B.    *Adkins v. Wolever*, 692 F.3d 499 (6th Cir. 2012).

    C.    *Pettit v. Smith*, 45 F. Supp. 3d 1099 (D. Ariz. 2014).

    D.    *United States v. Moore*, 917 F.2d 215 (6th Cir. 1990).

    E.    *Williams v. Curtin*, 631 F.3d 380 (6th Cir. 2011).

### III. Evidentiary issues likely to arise at trial.

The two evidentiary issues likely to arise at trial relate to (1) deleted video footage and (2) Defendants' anticipated effort to impeach Dixon with evidence regarding his prior crimes. Both of those matters are the subject of pending motions in limine. [*See* Doc. Nos. 60, 61.]

                                                Respectfully submitted,

OF COUNSEL:                   */s/ Derek E. Diaz*
                                     Derek E. Diaz, Esq. (0069755)
HAHN LOESER & PARKS LLP     ddiaz@hanlaw.com
                                     Daniel T. Pesciotta, Esq. (0090748)
                                     dpesciotta@hahnlaw.com
                                     200 Public Square, Suite 2800
                                     Cleveland, Ohio  44114-2316
                                     Phone:  216.621.0150
                                     Fax:  216.241.2824

                                     *Attorneys for Plaintiff*
                                     *James Dixon*

## **CERTIFICATE OF SERVICE**

      I certify that on September 21, 2015, a copy of this document was served on the following via e-mail:

Thomas N. Anger, Esq.
Caitlyn A. Nestleroth, Esq.
Assistant Attorney General
Criminal Justice Section
150 East Gay Street, 16th Floor
Columbus, Ohio 43215

*Attorney for Defendants*

                                                         */s/ Derek E. Diaz*
                                                   One of the Attorneys for Plaintiff